SOUTHERN PACIFIC TRANSPORT COM-
PANY of Texas et al., Appellants,

v.

RAILROAD COMMISSION of Texas et al.,
Appellees.

No. 11975.

Court of Civil Appeals of Texas,
Austin.

March 28, 1973.

————◆————

Damon R. Capps, Tom M. Davis, Baker & Botts, Houston, Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, for appellants.

Crawford C. Martin, Atty. Gen. of Tex., Rex H. White, Jr., Asst. Atty. Gen., Phillip Robinson, Robinson, Felts, Starnes & Nations, Austin, for appellees.

SHANNON, Justice.

Appellants, Southern Pacific Transport Company of Texas and Louisiana and Southwestern Transportation Company, filed suit in the district court of Travis County against appellees, The Railroad Commission of Texas [1] and Central Freight Lines, Inc., to set aside the order of the Commission of May 4, 1971, granting Central Freight Lines, Inc., certain intrastate operating authority as a motor common carrier in East Texas, and also making findings concerning public convenience and necessity, not only as to intrastate operations, but also as to *interstate* and *foreign* commerce. The district court, sustained the order of the Commission. We will affirm the judgment of the district court.

Appellants assail the judgment sustaining the order of the Commission, for the reason, they say, that the Commission was without authority to make findings relating to convenience and necessity as to *interstate* and *foreign* commerce.

Findings of fact and conclusions of law were requested and filed, and the court concluded, among other things, that the Commission is empowered under Vernon's Tex.Rev.Civ.Stat.Ann. Art. 911b "to hear, consider, and make findings regarding Central's proposal to provide motor common carrier service in interstate and foreign commerce pursuant to the terms," of Section 306(a)(6) of the Interstate Commerce Act, 49 U.S.C.A.

The part of Section 306(a)(6) of the Interstate Commerce Act, 49 U.S.C.A., pertinent to this appeal, is as follows:

"On and after October 15, 1962 no certificate of public convenience and necessity under this chapter shall be required for operations in interstate or foreign commerce by a common carrier by motor

1. The Railroad Commission of Texas in usually termed the "Commission" in this opinion.

vehicle operating solely within a single State and not controlled by, controlling, or under a common control with any carrier engaged in operations outside such State, if such carrier has obtained from the commission of such State authorized to issue such certificates, a certificate of public convenience and necessity authorizing motor vehicle common carrier operations in intrastate commerce and such certificate recites that it was issued after notice to interested persons through publication in the Federal Register of the filing of the application and of the desire of the applicant also to engage in transportation in interstate and foreign commerce within the limits of the intrastate authority granted, that reasonable opportunity was afforded interested persons to be heard, that the State commission has duly considered the question of the proposed interstate and foreign operations and has found that public convenience and necessity require that the carrier authorized to engage in intrastate operations also be authorized to engage in operations in interstate and foreign commerce within limits which do not exceed the scope of the intrastate operations authorized to be conducted. Such operations in interstate and foreign commerce shall, however, be subject to all other applicable requirements of this Act and the regulations prescribed hereunder  .  .  .  ."

Appellants urge that the Texas Legislature has not delegated the power to the Commission to conduct hearings and make findings concerning interstate commerce as contemplated by the provision of the Interstate Commerce Act quoted above.

The same contention was made in argument before and rejected by the Supreme Court in Southern Pacific Transport Company of Texas et al. v. Railroad Commission of Texas et al., Tex., 492 S.W.2d 615, 1973. The court in that case held that the Legislature has delegated the power to the Commission to conduct hearings and make findings concerning interstate commerce. The disposition of this appeal is governed by that case.

The judgment is affirmed.

